FRANCES K. ROONEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rooney v. Commissioner
Docket No. 9470-90
United States Tax Court
T.C. Memo 1992-47; 1992 Tax Ct. Memo LEXIS 52; 63 T.C.M. (CCH) 1905; T.C.M. (RIA) 92047; January 27, 1992, Filed *52 Jerry S. Goldman, for petitioner. Michael D. Baker, for respondent. PATE, Special Trial Judge. PATE
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b). [1] It is before the Court on petitioner's Motion for Award of Reasonable Litigation Costs filed May 19, 1991. The issues for our decision are: (1) Whether petitioner is entitled to an award of litigation costs and, if so, (2) the amount to be awarded. Petitioner did not timely file Federal income tax returns for any of the years in issue, namely, 1984, 1985, 1986, and 1987. In October 1989, respondent sent petitioner 4 letters, one with regard to each of the years (hereinafter 30-day letters), stating in part: We previously asked you to send us your Form 1040 for the tax period shown above, but have not received a response from you. *53 We must conclude that you do not intend to file a return nor intend to give us the reason for not filing. * * * If you agree with the tax and penalties we figured, sign and date the consent and mail it to this office within 30 days from the date of this letter. * * * If you do not, agree you have 30 days from the date of this letter to mail us an explanation of why you are not required to file, or evidence or information you would like us to consider. You may file a Form 1040 with substantiating information for this purpose. Attach this letter to the front of your Form 1040. * * *
In these letters, respondent represented that he intended to assess income taxes against petitioner based on income which had been reported to him by persons who had paid petitioner wages and other income. On November 27, 1989, petitioner filed her income tax returns with the Philadelphia Service Center for all of the years in issue. She did not attach the 30-day letters to the front of her returns as requested by respondent. Consequently, these returns were processed normally and, as a result, respondent's examination branch was unaware that they had been filed. On February 28, 1990, respondent *54 issued 4 notices of deficiency to petitioner (one for each of the years in issue) based on the information contained in the 30-day letters. On such notices of deficiency, respondent not only determined deficiencies in petitioner's income tax based on the reported income, but also determined additions to tax under sections 6651(a), 6653(a)(1) and (2), and 6654. On April 20, 1990, respondent issued a supplemental report of individual income tax changes to petitioner for the years 1984, 1985, and 1986, which accepted petitioner's returns as filed, except that the additions to tax under sections 6651(a) and 6653(a) were retained at lower amounts based on the reduced amount of tax petitioner had reported. With regard to 1987, respondent sent petitioner a letter on April 30, 1990, also accepting the return as filed. In addition, this letter instructed petitioner to: Please disregard the notice of deficiency we sent you earlier. You will not need to file a petition with the United States Tax Court for reconsideration of your tax liability.
Nevertheless, petitioner filed a petition with this Court on May 14, 1990, contesting the correctness of all of the determinations made *55 by respondent on the notices of deficiency. On July 16, 1990, without access to the administrative file, respondent filed an answer denying most of the allegations contained in the petition. On November 16, 1990, petitioner's counsel first met with an appeals officer to resolve the additions to tax determined by respondent. On February 17, 1991, petitioner conceded the negligence and delinquency additions in full. Section 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, section 6239, 102 Stat. 3342, 3743-3747 (applicable to proceedings commenced after November 10, 1988), provides that a prevailing party may be awarded a judgment for reasonable administrative costs incurred in connection with administrative proceedings within the Internal Revenue Service, and reasonable litigation costs incurred in connection with a court proceeding. A taxpayer seeking litigation costs bears the burden of proving that she is entitled to them. To meet this burden, the taxpayer must show that, given the facts available to respondent, the law does not substantially support the Government's position. ; *56 . Under section 7430, a taxpayer may be awarded a judgment for reasonable litigation costs if she: (1) Has exhausted her administrative remedies, (2) has established that the position of respondent was not substantially justified, (3) has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues, (4) has established that her net worth did not exceed $ 2 million at the time the proceeding was commenced, and (5) has not unreasonably protracted any portion of the court proceeding. The "substantially justified" standard is basically a "reasonableness standard". , affd. . Petitioner maintains that she should be awarded reasonable litigation costs because she has met all of the statutory requirements for such award. Respondent concedes that petitioner has substantially prevailed and that she did not unreasonably protract the proceedings in this case. However, he argues that petitioner is not entitled to an award for litigation costs because: *57 (1) Respondent's position was substantially justified, (2) petitioner did not meet the net worth requirements, and (3) petitioner did not exhaust her administrative remedies. Further, respondent contends that if we should find that petitioner is entitled to litigation costs, that the amount claimed is not reasonable. Petitioner's arguments center around two propositions. First, she argues that respondent acted unreasonably when he issued the notices of deficiency because the applicable Federal income tax returns had been filed some 3 months before. However, petitioner fails to recognize that, even if respondent had taken into consideration the tax returns filed, he still would have had to issue notices of deficiency for the additions to tax (albeit in different amounts). Moreover, because petitioner ignored respondent's instructions and did not attach copies of the 30-day letters to the front of the income tax returns that she filed (even though they were filed years after they were due), she cannot now complain that the additions to tax on the notices of deficiency reflected higher amounts than they would have otherwise. See . *58 The bottom line is that the notices of deficiency were issued because petitioner did not timely file her Federal income tax returns as she was legally bound to do. Second, petitioner argues that respondent unreasonably delayed settling the case after it was filed. Yet, when respondent did link up the delinquent returns with the notices of deficiency, he acted promptly. He sent petitioner letters, prior to the time the petition was filed, accepting the returns as filed. In one of them, he even stated that it was unnecessary to file a petition. Nevertheless, petitioner chose to file a petition with this Court. However, there is no evidence that she contacted either respondent's Appeals Division or District Counsel soon afterward in order to quickly resolve this case. Instead, petitioner chose to put off conferring with the persons responsible for such resolution until after this case was scheduled for trial. When a meeting with the Appeals Division was finally held, only the additions to tax were in issue; respondent had already conceded the issues regarding the tax. Under these circumstances, we conclude that petitioner has failed to establish that the position of the United *59 States was not substantially justified. [2] Accordingly, petitioner's motion for award of reasonable litigation costs is denied. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Because of this finding, we need not consider the other arguments advanced by respondent.↩